JOSEPH MOORE *versus* JAMES MANN & *als.*

In a petition for partition, where commissioners are appointed upon a default, and make a return, which is resisted by a written motion, this proceeding does not make those who file the motion parties or subject them to costs.

EXCEPTIONS from the District Court, RICE, J.

Petition for partition. In the District Court, judgment, upon default, was entered, *quod partitio fiat,* and commissioners were appointed, who made their report at the October term, 1847.

At the same term the respondents were permitted by the Court to oppose the acceptance of the report, and the action was continued, on their motion, to the then next term.

At the term last mentioned the respondents, John Wyman and Isaac Randall, filed a motion, that the report be rejected for reasons therein alleged. The Court recommitted the report to the same commissioners, with instructions.

At the Oct. term, A. D. 1848, the commissioners again submitted their report, which was also opposed by said respondents, but it was accepted. The petitioner then moved for his costs against those respondents, who had appeared in the case.

The Judge awarded costs for the petitioner against the said Wyman and Randall for the October term, A. D. 1848, only.

*Gilbert,* for petitioner.

The general provision of law is, that the prevailing party shall recover costs. R. S. c. 115, § 56.

The provisions in c. 121, do not touch this case. R. S. c. 121, § 13 and 14.

The question really involved is not whether the petitioner shall take costs at all, but how much.

The acts of the respondents kept the action in court and multiplied costs, and they finally failed in their objections.

The recommitment of the report was not through the fault of the petitioner.

This recommitment is analogous to the granting of a new trial, where if the party who first obtained a verdict, finally prevails, he shall recover costs for the former trial, although there was error on the part of the Court or the jury in the proceedings, by which he first obtained a verdict.

*Ingalls,* for respondents, contended that costs only were allowed where an issue is joined and tried. *Symonds* v. *Kimball,* 3 Mass. 299 ; *Swett* v. *Bussy,* 7 Mass. 503 ; *Reed* v. *Reed,* 9 Mass. 372 ; *Paine* v. *Wood,* 4 Pick. 246 ; U. S. Digest, costs, 50.

SHEPLEY, C. J. orally.

Both parties complain of the judgment of the court below ; one that costs are taxed at all, and the other that there is not enough allowed. The question presented is whether this case comes within the provisions of c. 115, § 55, 56. It cannot rightfully be said that this is an *action* and § 56 speaks only of *actions.* There is a provision in c. 121, R. S. calling this proceeding for partition an action, but § 15 provides that in all actions at common law for partition, costs shall be taxed upon like principles as when the proceeding is by petition. This case does not fall within the partition act, because the persons against whom judgment for costs was rendered were not parties. In order for one to be a party he must present himself on the docket of the Court and be subject to costs on trial, if such there should be. Section 30 of same chapter provides for a recommitment of the report, or that it may be set aside, § 31 enacts that all parties to the judgment shall be bound, and § 33 makes provision for those not appearing and answering, and shows what is meant by an appearance, that the party must present himself upon the docket or on the record. Here the parties appeared only by a written motion against the acceptance of the commissioners' return. This proceding did not make them parties to the petition. They

never intended to make themselves parties nor can an act of this character constitute them such.

*No costs allowed.*